UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                              )
                                    )
Daniel Louis Peterson and           )   Case No. 09-10302C-7G
Jimmie Godwin Peterson,             )
                                    )
        Debtors.                    )
                                    )

## OPINION AND ORDER

This case came before the court on June 16, 2009, pursuant to section 524 of the Bankruptcy Code, for consideration of a reaffirmation agreement between the male Debtor ("Debtor") and Harley-Davidson Credit Corporation ("Creditor") and to show cause as to why the reaffirmation agreement should not be stricken as a result of a failure to comply with Rule 4008(a) of the Federal Rules of Bankruptcy Procedure. Stephen D. Ling appeared on behalf of the Debtor.

The reaffirmation agreement pertains to a debt in the amount of $6,244.41 which is secured by a 2002 Harley-Davidson motorcycle. The reaffirmation agreement was filed with the court on May 28, 2009, and was therefore not filed with the court within sixty (60) days after the first date set for the section 341 meeting of creditors as required by Bankruptcy Rule 4008(a). The Debtor filed his bankruptcy petition on February 25, 2009, and on the same date filed his statement of intentions indicating that he intended to retain his 2002 motorcycle and reaffirm the debt with the Creditor. Counsel for the Debtor sent correspondence to Creditor stating that

the Debtor intended to retain the motorcycle and sign a reaffirmation agreement, and requested that Creditor provide Debtor's counsel with a copy of the certificate of title and security agreement, as well as a proposed reaffirmation agreement. Subsequently, in the early part of May, 2009, Debtor's counsel received a proposed reaffirmation agreement from the Creditor. The Debtor and his counsel signed the agreement and returned it to the lender on May 5, 2009. The Creditor received the signed agreement but did not file it with the court until May 28, 2009.

Upon reviewing the agreement, the record in this case, and the matters presented at the hearing, the court finds that the Debtor properly filed his statement of intention indicating that he wanted to reaffirm the debt, as required by section 524(c), and further, the Debtor signed the reaffirmation agreement and took all reasonable steps to perform his intention to reaffirm pursuant to section 521(a)(2).

It is therefore ORDERED that the reaffirmation agreement between the Debtor and the Creditor, filed on May 28, 2009, is stricken and will not be approved by the court as the reaffirmation agreement was not filed with the court within sixty (60) days, as required by Bankruptcy Rule 4008(a). Further, since the Debtor timely complied with the requirements of section 524(c) and 521(a)(2), and in all respects agreed to reaffirm the debt on the original terms of the contract, and was not responsible for the

failure to file the reaffirmation agreement within the time allowed under Rule 4008(a), the court adjudges that (1) the automatic stay remains in effect, (2) the Harley-Davidson motorcycle remains property of the estate pursuant to section 362(h)(1)(B), and (3) any ipso facto clause in the security agreement or other document signed by the Debtor remains ineffectual, as provisions of section 521(d) that would give it effect have not been met, so long as the Debtor remains current in his payments on the property. See <u>Coastal Federal Credit Union v. Hardiman</u>, 398 B.R. 161, 189 (E.D.N.C. 2008); <u>In re Husain</u>, 364 B.R. 211 219 (Bankr. E.D. Va. 2007); <u>In re Hinson</u>, 352 B.R. 48, 53 (Bankr. E.D.N.C. 2006).

This 17th day of June, 2009.

*/s/ William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Daniel Louis Peterson
Jimmie Godwin Peterson
7287 Birch Drive
Randleman, NC 27317-8005

Stephen D. Ling, Esq.
706 Green Valley Road, Suite 505
Greensboro, NC 27408-7023

Harley-Davidson Credit Corporation
c/o Joe Lozano, Jr.
9441 LBJ Freeway, Suite 350
Dallas, TX 75243-4652

Michael D. West, Bankruptcy Administrator